UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARK H. PAQUIN, )
)
    Plaintiff )
)
v. ) No. 1:13-cv-360-JDL
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the residual functional capacity ("RFC") assigned to him by the administrative law judge lacked substantial evidentiary support. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease at C5-C6, degenerative arthritis of the right ankle status post right ankle fracture, and adjustment disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 64-65; that he had the RFC for light work, except that he could only occasionally climb ladders, ropes, scaffolds, ramps, or stairs, could frequently balance, could occasionally stoop, kneel, crouch, and crawl, could perform no constant pulling or handling with the right upper extremity; must have the ability to sit or stand for five minutes every hour; and was limited to simple, routine, repetitive tasks, Finding 4, *id*. at 66; that he was unable to return to any past relevant work, Finding 5, *id*. at 69; that, given his age (43 on the date of application, July 6, 2010), limited education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id*. at 70; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, May 25, 2012, Finding 10, *id*. at 71. The Appeal Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support

of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff asserts that "[t]here is no medical evidence of record to support the A[dministrative] L[aw] J[udge]'s determination that the Plaintiff's difficulties with concentration, persistence, and pace are addressed by a limitation to simple work." Statement of Specific Errors ("Itemized Statement") (ECF No. 13) at 2. He cites *Nelson v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00032-JAW, 2010 WL 5452126 (D. Me. Dec. 28, 2010), and *Swift v. Astrue*, Civil No. 08-280-B-W, 2009 WL 902067 (D. Me. Mar. 31, 2009), in support of his contention that this error requires remand. *Id*. at 3-4.

The administrative law judge found that the plaintiff had a mild limitation in his activities of daily living, a mild limitation in social functioning, and a moderate limitation in the area of concentration, persistence, or pace. Record at 65. She added:

> In terms of mental impairments, the record reflects rare, if any, treatment for mental health issues. The claimant testified to a prescription of Lyrica at one point, and records from Sebasticook Family Doctors reveal[] a prescription of Cymbalta at another point, but the claimant testified that he stopped taking the medications after little more than a month because of side effects (Ex. 21F). Moreover, the claimant testified that he is scheduled for psychological counseling in October 2012; however, such remote scheduling diminishes the credibility of allegations of disabling mental health limitations. Nevertheless, the psychological consultative examiner David W. Booth, P[h.]D[.,] determined that the claimant has an adjustment disorder secondary to physical pain and discomfort and opined some difficulty concentrating and persisting with work requirements because of the pain and discomfort. Dr. Booth is a licensed examining psychologist and the undersigned gives his opinion some weight, particularly since the claimant medicates daily with medical marijuana. As such, the undersigned has limited the claimant to simple, routine, repetitive tasks (Ex. 4F).

*Id*. at 68.

The plaintiff apparently contends that Dr. Booth's determination cannot serve as the basis for a limitation to simple, routine, repetitive tasks. He first criticizes the administrative law judge because she "did not provide any rationale for affording the[] opinions [of the state-agency psychologists] limited weight." Itemized Statement at 3. However, both of the state-agency psychologists, Dr. Stahl and Dr. Burkhart, found that the plaintiff had no severe mental impairments. Record at 52, 346. The administrative law judge found a severe mental impairment and included a resulting limitation in the plaintiff's RFC. This result is more favorable to the plaintiff than the findings of the state-agency psychologists. This court has held repeatedly that a claimant is not entitled to remand under such circumstances. *See, e.g., Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *6 (D. Me. July 7, 2011).[2]

In addition, the plaintiff does not cite any medical evidence in the record supporting a more restrictive limitation that would result from the moderate limitation in concentration, persistence, or pace. Such evidence is necessary to establish that the limitation assigned by the administrative law judge in not harmless error. *See, e.g., Gonsalves v. Astrue*, Civil No. 09-181-B-W, 2010 WL 1935753, at *6 (D. Me. May 20, 2010). This fact distinguishes this case from *Nelson*, one of the two cases cited by the plaintiff.

In *Nelson*, the administrative law judge found that the claimant suffered from moderate difficulties in maintaining concentration, persistence, or pace, which she found had limited the claimant to unskilled work. 2010 WL 5452126 at *6. The court remanded the case in large part because there was an expert opinion in the record assigning greater limitations to the claimant as

---

[2] To the extent that the plaintiff's specific criticism bears any relevance, the assertion that the administrative law judge did not provide any rationale for limiting the weight assigned to the opinions of the state-agency physicians is incorrect. The administrative law judge found that these psychologists "did not consider the effects of physical pain and medical marijuana use on the claimant's concentration, persistence and pace." Record at 69.

4

a result of mental impairment than those adopted by the administrative law judge. *Id*. at \*6-\*7. The plaintiff has not identified any such opinion in the instant case.

To the extent that the plaintiff's position may reasonably be read to suggest that Dr. Booth's opinion supports greater limitations,[3] the suggestion reads too much into that opinion. The plaintiff asserts in this regard that "[a]s acknowledged by the V[ocational] E[xpert], the inability to persist at and complete work activity precludes all work." Itemized Statement at 6. The plaintiff supports this sentence with a citation to page 39 of the record. *Id*. The question posed to the vocational expert and the expert's response are as follows:

> Q. But assume further that the following additional restriction is added to any one of the previous hypotheticals, that due to a combination of impairments, the person is unable to engage in any sustained work activity on a regular and continuing basis for eight hours a day, five days a week, for a 40-hour work week or an equivalent schedule. Would competitive work, at all exertional levels, be precluded [for] such an individual?
>
> A. Well, if as a result of this inability to sustain work activity and complete a normal work week, if as a result of that he was going to be off task more than 15 percent of the time, 15 percent consistently and miss more than two days a month consistently, then there would be no work.

Record at 39.

This question and answer assume several conditions not present in Dr. Booth's opinion, including the existence of a combination of impairments, where Dr. Booth spoke only to a single impairment (pain); an inability to engage in any sustained work activity on a regular and continuing basis, where Dr. Booth said only that it was likely that the plaintiff "would have difficulty concentrating on work requirements and persisting with what is asked of him," while able to understand and remember information in a work environment and to respond appropriately to

---

[3] The plaintiff repeats Dr. Booth's statement that the plaintiff "likely . . . would have difficulty concentrating on work requirements and persisting with what is asked of him," Record at 337, and then suggests, without citation to authority, that this statement establishes the plaintiff's "inability to persist at and complete work activity" which would "preclude[] all work." Itemized Statement at 6.

5

others in a work situation, Record at 337; and being off task more than 15 percent of the time and missing more than two days of work per month, where Dr. Booth assigned the plaintiff a GAF (Global Assessment of Functioning) score of 70, *id*., which indicates only mild impairment,[4] and certainly nothing approaching inability to work at all.[5]

*Swift*, the other opinion cited by the plaintiff, is also distinguishable. In that case, the administrative law judge included a limitation to "occasional judgment" in the claimant's RFC to reflect a moderate limitation in concentration, persistence, or pace. 2009 WL 902067, at *2. I distinguished his failure to explain the connection between the two from the explanation provided in *Conley v. Astrue*, Civil No. 08-202-P-S, 2009 WL 214557 (D. Me. Jan. 28, 2009), in which the administrative law judge "adequately reflected a moderate limitation in concentration, persistence, or pace in his RFC finding when he determined that the plaintiff was limited to simple, repetitive tasks with sustained attention of only two hours." 2009 WL 902067 at *2 n.3. The limitation to work requiring occasional judgment was not present in either of the expert reports upon which the *Swift* administrative law judge purported to rely, making it apparent that he based this limitation on the raw medical evidence. *Id*. at *4. Here, the administrative law judge expressly relied on Dr. Booth's opinion. Record at 68.

---

[4] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed., text rev. 2000) (DSM-IV-TR), at 32. The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id*. The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id*. at 34. A GAF score of 61 to 70 reflects "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *Id*. (boldface omitted).

[5] Evidence not cited by an administrative law judge may be relied upon as substantial evidence in support of his or her decision. *Chaney v. Commissioner of Soc. Sec.*, No. 1:13-cv-199, 2014 WL 221891, at *4 (S.D. Ohio Jan. 21, 2014); *see also Rawson v. Astrue*, Civil No. 09-469-BW, 2010 WL 2923902, at *4 (D. Me. July 19, 2010).

More recently, this court addressed an argument similar to that made here by the plaintiff in *Veach v. Commissioner, Soc. Sec. Admin.*, Civil No. 1:13-CV-76-DBH, 2014 WL 35362 (D. Me. Jan. 6, 2014). The plaintiff argued that the administrative law judge "translated a moderate limitation in concentration, persistence, and pace into a residual functional capacity restriction to simple, repetitive work, without any supportive evidence from a medical expert." *Id*. at *3. This court rejected this proffered basis for remand because

> [t]here simply is no medical expert opinion offering a more dire prediction of Veach's residual functional capacity . . . . Given this particular presentation, the ALJ's "simple" and "repetitive" restriction in the residual functional capacity finding was not a legally erroneous means of accounting for the ALJ's step 3 assessment that Veach has "moderate" difficulties maintaining concentration, persistence, and pace.

*Id*. at *4. The plaintiff's presentation in the instant case does not appear to be materially different from that in *Veach.*

The plaintiff presents as a second issue an argument that the vocational expert's testimony "is not relevant" because the hypothetical question posed to that expert "did not contain any limitations to address the Plaintiff's moderate difficulties with concentration, persistence, and pace." Itemized Statement at 5-6. He contends that only the hypothetical question set forth above, Record at 39, included "any restriction that addresses the limitations imposed by Dr. Booth," *id*. at 6, but I have already rejected that argument for the reasons set forth above. To the extent that the contention that the vocational expert's testimony is not relevant is based on alleged flaws in the RFC finding, it is derivative of and dependent upon the earlier arguments that I have rejected and accordingly must fail as well. *E.g., Smith v. Colvin*. No. 1:12-cv-00300-NT, 2013 WL 3781480, at *6 (D. Me. July 18, 2013). In addition, the plaintiff has made no attempt to show that the specific jobs which the vocational expert identified in response to the hypothetical question or

questions that he faults would necessarily be incompatible with a limitation to simple, routine, repetitive tasks.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of September, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge